IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNIE MILLER TABB, III, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-10-1122 |
| | : (Judge Caldwell) |
| DEPUTY HANNAH, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

Bennie Tabb, an inmate at the Fayette State Correctional Institution (SCI-Fayette), in LaBelle, Pennsylvania, filed this action concerning events that occurred in 2010 while housed at SCI-Smithfield, in Huntingdon, Pennsylvania.  On July 30, 2012, the court granted in part, and denied in part, the Pennsylvania Department of Corrections (DOC) defendants' motion to dismiss the Amended Complaint.  *See Tabb v. Hannah*, 2012 WL 3113856 (M.D. Pa. July 30, 2012)(Caldwell, J.).  Only one claim against a single defendant remains: Tabb's Eighth Amendment claim that CO Barnett placed his life in danger by labeling him a "snitch."  In the Amended Complaint, Tabb asserts that he received verbal threats and was assaulted due to CO Barnett's actions.

CO Barnett has filed an uncontested Motion for Summary Judgment (Doc. 37) arguing that Tabb has failed to demonstrate that he faced, or continues to face, a substantial risk of harm due to Barnett's having allegedly labeled him a snitch.  CO Barnett filed a statement of undisputed material facts, a brief and exhibits in support of his motion.  (*See* Doc. 38, 39 and 40).  Tabb has neither responded to the motion nor sought an

enlargement of time to do so.

For the reasons the follow, CO Barnett's unopposed motion for summary judgment will be granted.

II.     *Standard of Review*

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this evaluation, the court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" *Roth v. Norfalco*, 651 F.3d 367, 373 (3d Cir. 2011)(citing *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011)).

"[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and

cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). The moving party has the burden of showing the absence of a genuine issue of material fact, but the nonmoving party must present affirmative evidence from which a jury might return a verdict in the nonmoving party's favor. *Liberty Lobby*, 477 U.S. at 256-57, 106 S.Ct. at 2514. Allegations made without evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000).

III. *Background*

In his Amended Complaint and exhibits attached thereto, Tabb, a member of the Gangster Disciples gang, alleges as follows. In January 2010, CO Barnett announced to the Restricted Housing Unit (RHU) that he was a "rat" and a "snitch." (Doc. 14, Am. Compl., ECF p. 14). Members of rival gangs subsequently threatened him, telling him he was a "dead man" when he was released to general population. (Doc. 14-3, ECF p. 6). CO Barnett's statements placed his life in perpetual danger. On June 12, 2010, Tabb and his RHU cellmate, Robert Davis, got into a physical altercation. Tabb avers that it was CO Barnett's "labeling [him] a 'snitch and a rat'" that "caused [him] to be assaulted by" Davis. (*Id.*, ECF pp. 3-4).

The summary judgment record is as follows.[1] Tabb filed his original complaint in this matter on May 25, 2010. (Def.'s Statement of Material Facts (DSMF), ¶1). He filed

---

[1] Because Tabb failed to file a Statement of Material Facts in response to CO Barnett's submission, the facts as set forth in CO Barnett's statement will be deemed admitted pursuant to M.D. Pa. Local Rule 56.1. *See also Smith v. Addy*, 343 F. App'x 806, 808 (3d Cir. 2009) (nonprecedential) (relying on Defendants' unopposed statement of facts in resolving summary-judgment motion).

an Amended Complaint on July 30, 2010. (Doc. 14). Tabb was housed in SCI-Smithfield's RHU at all times relevant to this action. (DSMF ¶5). Tabb is presently housed in SCI-Fayette's Special Management Unit (SMU), which is not a general population housing unit. (DSMF ¶15).

Tabb said that after CO Barnett called him a "rat," another SCI-Smithfield RHU inmate told him "you should file a lawsuit . . . [w]hen you get out there in population, they'll probably stab you up or try to kill you . . .[because] they think you a rat." (*Id.,* ECF p. 8). Tabb filed this action "so [he] ha[s] it in the records, just in case something do[es] happen to [him] by [his] being a gang member . . . [s]o if they would [place him in] population and somebody would have came at [him], [he is] going to defend [himself]." (Doc. 39-1, ECF pp. 11-12).

To date, Tabb agrees that nothing has happened to him as a result of CO Barnett's alleged comments. (Doc. 39-1, ECF p. 12). In regard to threats by other RHU inmates at SCI-Smithfield, Plaintiff admits he was repeatedly asked to tell prison officials the threatening inmates' names but has only provided names of gangs and not individuals. (Doc. 39-1, ECF p. 9). Tabb denies ever being physically assaulted by anyone as a result of CO Barnett's statements. (DSMF ¶16).

More specifically, and contrary to the allegation of the Amended Complaint, Tabb testified during his deposition that the fight between Davis and himself was "not at all" related to his allegations concerning CO Barnett. (*Id.* ¶6; *see also* Doc. 39-1, ECF p. 11). On June 12, 2010, he and Davis argued about a June 8, 2010, food-tray incident which resulted in a misconduct for Tabb. (DSMF ¶7). Davis then wrote prison officials accepting responsibility for the food-tray incident and asked that the misconduct charge against Tabb

-4-

be dropped, and that he be charged with the misconduct instead.  (*Id.* ¶8; *see also* Doc. 14-12, ECF p. 4).  Davis and Tabb are friends, civil co-defendants, and often helped each other with legal work.  (DSMF ¶11 and ¶14).  Davis assisted Tabb in the writing of the Amended Complaint.  (*Id.* ¶11).  Tabb disavows any knowledge of how the information about his June 12, 2010, fight with Davis got into his Amended Complaint because he "never put that in there."  (Doc. 39-1, ECF p. 11).

IV.   *Discussion*

In moving for summary judgment in his favor, CO Barnett asserts that Tabb has failed to establish a viable failure-to-protect claim against him because Tabb has not demonstrated that he was exposed to a substantial risk of harm as a result of any comments Barnett allegedly made about him.[2]  (Doc. 38, Def.'s Summ. J. Br.)  The court agrees.

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Being violently assaulted in prison is simply not a part of the penalty that criminal offenders pay for their offenses against society.  *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977.

---

[2] Barnett does not admit or deny that he called Plaintiff a rat or a snitch.  He moves for summary judgment on the assumption that even if he did, Plaintiff still fails to establish a failure-to-protect claim.

To establish a failure-to-protect claim, an inmate must assert facts demonstrating that (1) he is incarcerated "under conditions posing a substantial risk of serious harm," and that (2) prison officials knew of and disregarded an excessive risk to the inmate's safety. *Wallace v. Doe*, 512 F. App'x 141, 144 (3d Cir. 2013) (nonprecedential) (citing *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1976)). "The question of [the defendant's] deliberate indifference is a subjective inquiry . . . while risk of harm is evaluated objectively." *Betts v. New Castle Youth Dev. Ctr*, 621 F.3d 249, 256 (3d Cir. 2010)(internal citations omitted).

It is well-established that the Eighth Amendment provides protection, and thus relief, for future as well as present and past exposure to a risk of serious harm. See *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Accordingly, an inmate need not wait to be assaulted to bring a failure-to-protect claim. *Helling*, 509 U.S. at 33-34, 113 S.Ct. at 2481. An inmate may bring a failure-to-protect claim based on allegations that he is exposed to "an unreasonable risk of serious damage to his future health." *Helling,* 509 U.S. at 35-36, 113 S.Ct. at 2481-82. The inmate has to establish that the risk of serious harm is substantial. *Betts*, 621 F.3d at 258.

The uncontested summary-judgment record demonstrates that Tabb cannot satisfy the objective prong of his Eighth Amendment failure-to-protect claim as he has not demonstrated a substantial risk of serious harm due to CO Barnett's alleged comments labeling him a snitch. First, all of the events alleged in the Amended Complaint took place while Tabb was in the RHU at his former institution, SCI-Smithfield, and not in general population. And although he is currently at SCI-Fayette, he still resides in a level 5 secure housing unit, the SMU. Second, once Tabb advised prison officials that CO Barnett had

-6-

called him a rat, even though CO Barnett denied the allegations, prison officials investigated his claims.  Although they found no merit to his claims, Tabb was repeatedly asked to identify any inmate who had threatened him due to being labeled a snitch.  Tabb could not, or did not, provide prison officials with their identities.  Third, Tabb does not assert he was verbally or physically threatened because of CO Barnett's alleged comments in January 2010.  In fact, he denied being harmed at all due to CO Barnett's alleged statement and has now retracted the allegation of his Amended Complaint that the physical altercation between himself and inmate Davis was caused by CO Barnett's alleged statement.

In sum, Tabb has provided no evidence at all to show that he faced a substantial risk of harm based on CO Barnett's alleged comments.[3]  Tabb's allegations are no more than speculation.  Had he countered CO Barnett's summary judgment motion with a properly supported factual statement that he encountered, or continues to face, a risk of serious harm, our conclusion might have been different.  However, having made no such factual assertions, Tabb fails to make the requisite showing required to support the objective element of his Eighth Amendment claim that the alleged labeling of him as a

---

[3] This finding is supported by Tabb's stated reason for bringing this lawsuit.  Tabb, a Gangster Disciple gang member, filed this action for prophylactic reasons.  He filed it "[j]ust in case [he] got to [general] population . . . and [he] has to defend himself, it will be on the records why [he] had to defend [him]self."  Doc. 39-1, ECF p. 12.  The statement underscores the absence of any substantial risk of serious harm based on CO Barnett's actions at SCI-Smithfield.

snitch has subjected him to a substantial risk of harm.  CO Barnett's motion for summary judgment will therefore be granted.

    An appropriate order follows.

                                          /s/ William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge

Date: March 3, 2014